**MARYLAND CASUALTY COMPANY, Plaintiff,**

v.

**J. Harold BENEFIELD, Sr., Max Kimball, Archie Welles, Henry Steely, Auto-Owners Insurance Company, State Auto Mutual Insurance Company, Dan Forsyth Agency, Inc., J. Harold Benefield & Sons, and Bailey Auto-Sales, Inc., Defendants.**

**John Harold BENEFIELD, Sr., Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, Southern Home Insurance Company, and Auto Owners Insurance Company, Defendants.**

**Civ. A. Nos. C85–4070A, C86–937A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 8, 1987.

Joseph N. Anderson, Gammon & Anderson, Cedartown, Ga., for Benefield.

Frank H. Jones, Wright, Morgan & Jones, Rome, Ga., Michael H. Goldman, Freeman & Hawkins, Samuel P. Pierce, Drew, Ecky & Farnham, Atlanta, Ga., for Southern Home Ins. et al.

## ORDER

ROBERT H. HALL, District Judge.

This action is currently before the court on defendant Southern Home Insurance Company's ("Southern Home") motion for summary judgment. Rather than reiterate the facts of this case, the court hereby incorporates the factual summary set forth in its order dated December 2, 1986. Suffice it to say that this action involves a dispute regarding insurance coverage of a vehicle which was damaged in a collision in New Jersey in May 1985. In light of this court's finding that Benefield's Southern Home insurance policy provides coverage only of Benefield's business vehicles, Southern Home brings the instant motion for summary judgment solely on the issue of whether the damaged automobile was a personal or business vehicle.

Southern Home contends that no genuine issue exists as to the ownership of the automobile and that because Benefield allegedly purchased the car for personal use, it, as Benefield's business vehicle insurer, is entitled to judgment as a matter of law. In support of its motion, Southern Home cites the deposition testimony of several individuals, including Benefield, who stated that Benefield intended to and did purchase the car for his daughter and not for business use. *See* Deposition of Dan Forsyth, pp. 11, 20; Deposition of John Purser, pp. 9, 19; Deposition of Harold Benefield, Sr. ("Benefield Depo."), pp. 28–29, 37–39. Furthermore, in his own statement of undisputed facts filed in opposition to Maryland Casualty's motion for partial summary

judgment, Benefield stated that he "bought the vehicle for the purpose of giving it to his daughter." Moreover, Benefield did not controvert Southern Home's statement of undisputed fact no. 14 that "the vehicle was not purchased by Mr. Benefield for use in the business of N.R. Benefield & Sons but as a personal automobile for his daughter to drive."

In his most recent brief in opposition to Southern Home's motion for summary judgment, Benefield does not refute the statements made and evidence presented by Southern Home in support of its motion. Benefield simply agrees that the issue of whether the car was a personal or business vehicle for purposes of insurance coverage is one which should be resolved by the court. Benefield refers the court to the brief of Maryland Casualty filed earlier in this action in support of its motion for partial summary judgment.

In its brief Maryland Casualty argued that, because Benefield purchased the automobile with a company check, an inference could be drawn that he purchased it for business use. Maryland Casualty noted that Benefield has not reimbursed his company for the cost of the car and that under Georgia partnership law "property is presumed to be partnership property if it is purchased with partnership funds...." Ga.Off'Code Ann. § 14-8-8 (Supp.1986).

As the court noted in its December 2, 1986 order, however, Benefield's company is a sole proprietorship which he owns. Benefield stated in his deposition that, although he brought his sons into the business, he himself owns the company and his sons both receive salaries. Benefield Depo., pp. 41-42. A "partnership" is defined under Georgia law as "an association of two or more persons to carry on as co-owners a business for profit." Ga.Off'l Code Ann. § 14-8-6(a) (Supp.1986). Benefield also testified in his deposition that he does not draw a salary from the company, does not have a personal bank account and when he requires money for personal transactions he uses the company checking account. *Id.*, pp. 7, 9, 16, 35-36.

Given Benefield's statements that his business is owned solely by him and that he purchases personal consumer goods with company checks in lieu of drawing a salary, the court believes that Maryland Casualty's reference to partnership law is misplaced and that Benefield's purchase of the automobile with a company check, in and of itself, is not enough evidence to overcome the several statements by witnesses that Benefield purchased the car for personal use. Maryland Casualty also cited, however, the deposition testimony of Archie Wells in support of its position that Benefield may have purchased the automobile for business use.

When asked by counsel for Maryland Casualty whether Benefield had discussed with Wells why he bought the car, Wells stated that Benefield told him that he had purchased the car for his daughter. Wells also responded affirmatively to the follow up question by Maryland Casualty's counsel: "Did he further tell you that he didn't know whether his daughter would want it and if she didn't that he would use it in his business?" Deposition of Archie Wells, p. 30. Benefield, however, stated during his deposition that if his daughter had not wanted the car he would not have used it for business. Benefield further stated that in his business he uses trucks and has no use for small automobiles such as the Chevrolet Chevette at issue in this case. Benefield Depo., pp. 29, 38-39.

Maryland Casualty cited the case of *Leader National Insurance Company v. Smith et al.*, 162 Ga.App. 612, 292 S.E.2d 456 (1982) to support its argument that various inferences could be drawn from the facts of this case and that a genuine issue exists as to whether Benefield purchased the automobile for business or personal use. In *Leader National*, however, the testimony of the purchaser of the vehicle was self-contradictory and the testimony of other individuals involved in the transaction was inconsistent. In the instant action, Benefield consistently testified that he purchased the automobile for his daughter's personal use and that he did not intend to use the vehicle in his business. His testimony was corroborated by at least two

other individuals. Only Archie Wells' single answer to a question from Maryland Casualty's counsel conflicts with the evidence presented that Benefield did not purchase the automobile for business use. Thus, *Leader National* is distinguishable from the instant action on its facts.

Once a movant supports its motion for summary judgment, as Southern Home has here, the adverse party "may not rest upon the mere allegations of his pleading," but in response, "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) the Supreme Court noted that the standard for granting summary judgment mirrors the standard for a directed verdict. The Court held that, after adequate time for discovery, Rule 56(c) "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.*, 106 S.Ct. at 2552–2553. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court further refined the standard for granting summary judgment. The court held that

> at the summary judgment stage the judge's function is ... to determine whether there is a genuine issue for trial.... [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict. [cit] If the evidence is merely colorable, .. or is not significantly probative, .. summary judgment may be granted.

*Id.*, 106 S.Ct. at 2511 (citations omitted).

In this motion for summary judgment by Southern Home against Benefield, the latter has failed to set forth any specific facts showing that he purchased the automobile at issue in this action for business use. Thus, Benefield has failed to counter Southern Home's motion for summary judgment. If Benefield is deemed to have incorporated Maryland Casualty's argument as his response to Southern Home's motion for summary judgment, he likewise has failed to defeat the motion. Maryland Casualty's reference to partnership law is inapposite and Benefield himself stated that he routinely purchased personal goods with business checks. Furthermore, Benefield repeatedly stated that he intended to give the car to his daughter for her personal use and indeed would have no use for the car in his business. Archie Wells' single answer contradicting Benefield's statements is at best only colorable evidence and is not significantly probative.

Accordingly, the court GRANTS defendant Southern Home's motion for summary judgment and hereby DISMISSES Southern Home from this action.